**Peter V. TETREV, Plaintiff,**

v.

**PRIDE INTERNATIONAL, INC., Petrodrill Four, Ltd. a/k/a Petrodrill Construction and Petroleum International PTE, Ltd., Defendants.**

C.A. No. 2:04–23161–23.

United States District Court,
D. South Carolina,
Charleston Division.

Jan. 3, 2007.

Coming Ball Gibbs, Jr., Gibbs and Holmes, David B. Marvel, Robertson and Hollingsworth, Jeffrey A. Barnwell, Leath Bouch and Crawford, Charleston, SC, for Plaintiff.

Carol B. Ervin, Nancy Bloodgood, Young Clement Rivers and Tisdale, Charleston, SC, Stephen B. Crain, Bracewell and Giuliani, Houston, TX, for Defendants.

### *ORDER*

DUFFY, District Judge.

This matter is before the court on Plaintiff Peter V. Tetrev's ("Plaintiff") Motion to Reconsider the court's order dismissing Defendant Petrodrill Four, Ltd (the "Order"). For the reasons as stated herein, Plaintiff's Motion to Reconsider is denied.

In its Order of November 20, 2006, the court found that (1) Petrodrill Four did not affirmatively direct any activity towards South Carolina; (2) Plaintiff provided no evidence to suggest that Defendant Pride's contacts with the forum are appropriately imputed to Petrodrill Four; (3) Plaintiff failed to satisfy the requirements for jurisdiction under Rule 4(2)(k); and (4) Plaintiff's claim under the Wage Act does not provide a basis for personal jurisdiction over a vessel owner where no such jurisdiction would other wise exist. Accordingly, the court dismissed Petrodrill Four from this action for lack of personal jurisdiction.

Plaintiff now moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for a reconsideration of this Order. Reconsideration of a judgment is an extraordinary remedy which should be used sparingly. *Pacific Ins. Co. v. American Nat.*

*Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). A motion to reconsider may be granted for three reasons: 1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or a manifest injustice. *Id.* Motions to reconsider may not be used to initiate arguments or legal theories that the proponent had the ability to address prior to the judgment. *Id.* Rather, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995)).

In this case, Plaintiff claims that reconsideration of the Order is necessary because the court "misconstrued the nature of Plaintiff's argument." Specifically, Plaintiff argues that because Petrodrill Four had a duty under the Wage Act to make payments to him, and the failure to make those payments injured him where he resided in South Carolina, Petrodrill Four committed a "wrong" in South Carolina. Plaintiff argues that the mandatory jurisdiction required under the Wage Act "embraces the idea that a single wrong in a jurisdiction is enough to establish personal jurisdiction over a defendant for a cause of action arising from that wrong."

█ In making this argument, Plaintiff both misunderstands the nature of "mandatory jurisdiction" and rehashes an argument already addressed and rejected by the court. Accordingly, the court finds that this argument is not an appropriate basis for reconsideration. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998)("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."); *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir.1993) ("While plaintiffs disagreed with how the district court applied the *Christiansburg* standard, mere disagreement does not support a Rule 59(e) motion."); *McCall v. Williams,* 59 F.Supp.2d 556, 558 (D.S.C.1999) ("Mere disagreement with how

the law is applied does not support a Rule 59(e) motion.").

█ As the court explained in its Order of November 20, 2006, the Wage Act provides that all federal district courts have mandatory subject matter jurisdiction over a seaman's good faith wage claims. However, the Wage Act does *not* provide a basis for personal jurisdiction over a vessel owner where no such jurisdiction otherwise exists. For a statute to impose personal jurisdiction over a defendant who does not meet the Due Process requirements of minimum contacts and fundamental fairness would be violative of the Constitution. As the court explained more fully in its Order, Petrodrill Four does not have minimum contacts with South Carolina that could justify the imposition of specific jurisdiction, and the Wage Act, by itself, can not subject Petrodrill to personal jurisdiction in South Carolina. As such, the court properly dismissed Petrodrill Four for lack of personal jurisdiction.

Plaintiff has not identified a clear error of law within the Order. Accordingly, Plaintiff's Motion to Reconsider the court's Order is **DENIED.**

**AND IT IS SO ORDERED.**